UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Court File No.: 00-2249 (DSD/JMM)

Mary Burland,

Plaintiff,

vs.

Group Health, Inc.,

Defendant.

**STIPULATION OF THE PARTIES FOR CONFIDENTIALITY AGREEMENT AND PROTECTIVE ORDER**

The parties, through their respective counsel, stipulate to the following Confidentiality Agreement and to entry of the following Protective Order pursuant to Rule 26 of the Federal Rules of Civil Procedure:

## CONFIDENTIALITY AGREEMENT

1. All information, documents, or materials produced containing medical records, personnel information, diaries, personal notes, or sensitive business information which have been marked, stamped, or otherwise identified by either party as "confidential" (hereinafter "Confidential Materials") shall be subject to the restrictions of this Confidentiality Agreement, except that this Agreement does not require Defendant or Plaintiff to treat their own confidential information any differently than they would on a routine basis.

2. Access to any Confidential Materials shall be limited to the following persons:

(a) Counsel for either party receiving the documents and their associates, legal assistants, or other support employees who have a demonstrable need for such disclosure in order to conduct this litigation;

FILED MAY 15 2001
FRANCIS E. DOSAL CLERK
JUDGMENT ENTD
DEPUTY CLERK

(b) plaintiff, Mary Burland;

(c) defendant Group Health, Inc.;

(d) any expert retained for this litigation;

(e) any consultant retained for this litigation;

(f) any deponent or trial witness who has seen such Confidential Materials before this lawsuit was commenced as part of his or her normal and legitimate duties or functions and who has a need to see such Confidential Materials in order to testify or to prepare for giving testimony; and

(g) the Court and authorized Court personnel.

3. Confidential Materials shall not be used for any purpose other than the conduct of this lawsuit and shall not be disclosed in any way to any other person beyond those described in paragraph 2 above, nor shall such Confidential Materials or their contents be publicized in any manner.

4. If either party intends to utilize any Confidential Materials at trial, that party's counsel shall so inform the opposing counsel in accordance with the Federal Rules of Civil Procedure governing identification of trial exhibits in order that the opposing counsel may take any steps deemed reasonable to preserve the confidentiality of such documents or the contents thereof.

5. This Confidentiality Agreement and the handling of Confidential Materials may be the subject of orders of the Court and nothing herein shall preclude any party from applying to

the Court for a modification of this Confidentiality Agreement or for the reclassification of any Confidential Materials as may be appropriate.

6. The obligations of this Confidentiality Agreement are continuing and shall not terminate at the conclusion of this litigation. Upon settlement or final determination of this litigation, all Confidential Materials and all available copies, summaries, compilations, abstracts or any other document or material setting forth the contents of any Confidential Materials shall be returned to the appropriate party or be destroyed.

7. Additionally, nothing in this Agreement is intended to prohibit the parties from mutually agreeing to submit Confidential Materials other than as required herein.

8. Nothing in this Confidentiality Agreement precludes either party from using any document or item it has designated as Confidential Materials as it sees fit.

9. The parties agree that the Court shall retain jurisdiction to enforce this Confidentiality Agreement to provide both equitable and legal relief.

Dated: 5/14, 2001

FELHABER, LARSON, FENLON & VOGT, P.A.

By: ____________________

Penelope J. Phillips, Esq. #200876
4200 U.S. Bank Place
601 Second Avenue South
Minneapolis, MN 55402-4302
(612) 373-8428
Fax: (612) 338-0535

ATTORNEYS FOR THE DEFENDANTS

Dated: 5/7, 2001

HALUNEN & NESS

By: ______________________
Clayton D. Halunen, (#219721)
155 Fifth Avenue South
Suite 810
Minneapolis, MN 55401
(612) 313-0157

ATTORNEYS FOR THE PLAINTIFF

**PROTECTIVE ORDER**

Based on the above Stipulation of Counsel, IT IS SO ORDERED.

BY THE COURT

Dated: 5/15, 2001

By: ______________________
The Honorable John M. Mason
United States Magistrate Judge

**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**
OFFICE OF THE CLERK
316 N. Robert St., Rm 708
St. Paul, MN 55101

## Clerks Notice In Re: Protective Order

---

A Protective/Confidentiality Order has been entered in this action. You must comply with the guidelines set forth below when filing confidential original documents with the Clerk of U. S. District Court. Failure to do so will cause the documents to be returned.

***Guidelines for filing with the Clerk:***

A. Documents are to be sealed (closed, fastened, taped, or otherwise secured) in an envelope of comparable size no larger than 9 by 12 (LR5.1 All pleadings, motions, and other papers presented for filing shall be on 8 ½ x 11 inch white paper...flat and unfolded. This rule does not apply to (1) exhibits submitted for filing; and, (2) documents filed in removed actions prior to removal from the state courts.)

B. Each envelope must list the following information, and each document is to be in a separate envelope.
- Action/case number
- Brief action/case title
- Party, name, and complete title of document (i.e. Deft. Johnson's Motion for Dismissal) must be noted on each envelope. Motions, affidavits and memorandums are considered three separate documents).
- The word "SEALED" or "CONFIDENTIAL"

***Guidelines for filing with a U. S. District Judge or Magistrate Judge:***

In addition to the above procedures, copies for delivery to the U. S. District Judge or U. S. Magistrate Judge are to be marked accordingly and bound together as a set.