UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 00-2249(DSD/JMM)

Mary Burland,

Plaintiff,

v. **ORDER**

Group Health, Inc.,

Defendant.

This matter is before the court on plaintiff's appeal of Magistrate Judge John M. Mason's order dated July 30, 2001, in which the magistrate judge denied plaintiff's motion to compel discovery and for attorney fees. Plaintiff is suing her former employer for age and disability discrimination and by this motion, she seeks information from defendant regarding "any complaints or charges, whether written or verbal, formal or informal, within the last 6 years relating to age or disability discrimination or failure to accommodate a disability by any employee or applicant of the Defendant."

The magistrate judge ruled that plaintiff's discovery requests "as phrased" were overbroad and unduly burdensome. Based on a review of the specific interrogatory and request for production in dispute, the court agrees that plaintiff has failed to make the requisite showing of relevance. "Some threshold showing of relevance must be made before parties are required to open wide the

FILED 8-20-01
RICHARD D. SLETTEN, CLERK
Judgment Ent'd. ______
Deputy Clerk's Initials ______

doors of discovery and to produce a variety of information which does not reasonably bear upon the issues in the case." Hofer v. Mack Trucks, Inc., 981 F.2d 377, 380 (8th Cir. 1992). Therefore, absent some evidence from plaintiff as to such matters as her place in the organizational structure of Group Health, Inc. and the locus of decision-making at Group Health regarding hiring, firing and job restructuring, the magistrate judge's decision to deny plaintiff's motion to compel a response to the disputed discovery requests was neither clearly erroneous nor contrary to law. 28 U.S.C. § 636(b)(1)(A); D. Minn. L.R. 72.1(b)(2).

However, the court does observe that information relating to past discriminatory practices may well be relevant, even in an individual case, to show disparate treatment and to establish pretext. Phillip v. ANR Freight Sys., Inc., 945 F.2d 1054, 1056 (8th Cir. 1991) ("'[b]ecause an employer's past discriminatory policy and practice may well illustrate that the employer's asserted reasons for disparate treatment are a pretext for intentional discrimination, this evidence should normally be freely admitted at trial.'") (quoting Hawkins v. Hennepin Tech. Ctr., 900 F.2d 153, 155-56 (8th Cir. 1990); Talley v. United States Postal Serv., 720 F.2d 505. 507-508 (8th Cir. 1983) (holding that evidence of statistical disparities and past discriminatory treatment is relevant to showing of pretext in an individual disparate treatment case.) Therefore, if plaintiff can tailor the disputed discovery

requests to better accommodate the strictures of Fed. R. Civ. P. 26(b), she may obtain further personnel data from defendant.

According, based on a review of the file and record herein, **IT IS HEREBY ORDERED** that plaintiff's motion to compel discovery and for attorney fees [Doc. No. 7] is denied.

Dated: August 20, 2001

David S. Doty, Judge
United States District Court

**Please forward this announcement to the recipient of this fax.**

---

# The United States District Court, District of Minnesota announces two new programs!

**Expedited Trials** –The Court will begin offering parties an opportunity to participate in a program called Expedited Trials beginning July 2, 2001. This voluntary program offers an alternative to traditional case processing by allowing for a shorter time period from filing to disposition. Discovery and motion practice will be sharply limited as a means to reduce time and expense. Procedural rules are on the Court's website at www.mnd.uscourts.gov. If you would like additional information about the Expedited Trials Program, contact one of our clerk's offices at the phone numbers listed below.

**Courtroom Technology – Phase II** – In June 2001, the District of Minnesota began upgrading, installing, and enhancing the technology available to counsel in the courtroom. The project will continue through early fall and will ultimately upgrade all Article III Judge courtrooms in St. Paul and Minneapolis. To assist counsel with this transition, the District Court is offering a hands-on class, worth one hour of CLE credit at both courthouses. Classes will be held over the lunch hour. Course registration can be done by visiting www.mnd.uscourts.gov or by calling Kristine at 612-664-5125.

**For additional information on either program please visit our website at www.mnd.uscourts.gov.**

---

700 Federal Building
316 North Robert Street
St. Paul, MN 55101
(651) 848-1100

202 U.S. Courthouse
300 South Fourth Street
Minneapolis, MN 55415
(612) 664-5000

417 U. S. Courthouse
515 West First Street
Duluth, MN 55802
(218) 529-3500